UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
RAQUEL C-C.,

                       Plaintiff,           <u>DECISION AND ORDER</u>
                                        1:24-CV-00695-GRJ

       v.

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In January of 2021, Plaintiff Raquel C-C.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Konoski & Partners, P.C., Bryan Matthew Konoski, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

This case was referred to the undersigned on July 31, 2024. Presently pending are the parties' requests for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. For the following

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

reasons, Plaintiff is granted judgment on the pleadings and this matter is remanded for further administrative proceedings.

## I. BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on January 4, 2021, alleging disability beginning December 30, 2016. (T at 224-29).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on September 21, 2022, before ALJ Sharda Singh. (T at 32-58). Plaintiff appeared with an attorney and testified. (T at 37-54). The ALJ also received testimony from Peter Manzi, a vocational expert. (T at 54-57).  During the hearing, Plaintiff amended her alleged onset date to October 24, 2019. (T at 36).

### B.    ALJ's Decision

On December 21, 2022, the ALJ issued a decision denying the application for benefits. (T at 12-31).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since October 24, 2019 (the amended alleged onset date) and met the insured status requirements of

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 16.

the Social Security Act through December 31, 2021 (the date last insured). (T at 17-18).

The ALJ concluded that, as of the date last insured, Plaintiff's fibromyalgia, chronic pain syndrome, chronic fatigue syndrome, degenerative joint disease of the knees and shoulders, and obesity were severe impairments as defined under the Act. (T at 18).

However, the ALJ found that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 21).

At step four of the sequential analysis the ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she could never climb ladders, ropes, or scaffolds; could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; could occasionally reach overhead with the right upper extremity; and must avoid hazards such as moving machinery. (T at 22).

The ALJ concluded that, as of the date last insured, Plaintiff could perform her past relevant work as a teacher aide as that occupation is generally performed. (T at 25).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between October 24, 2019 (the amended alleged onset date) and December 31, 2021 (the date last insured). (T at 26).

On December 4, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

### C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on January 31, 2024. (Docket No. 1).  On May 15, 2024, Plaintiff filed a brief in support of a request for judgment on the pleadings. (Docket No. 17).  The Commissioner interposed a brief in support of a request for judgment on the pleadings on August 15, 2024. (Docket No. 19).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision.  First, she argues that the ALJ failed to adequately address the impact of her mental impairments on her RFC and ability to perform her past relevant work.  Second, Plaintiff argues that the ALJ's RFC determination does not reflect the extent of her physical limitations.  The Court will address both arguments in turn.

A.    *Mental Impairments*

The Commissioner uses a "special technique" to evaluate the severity of mental impairments at step two of the sequential analysis. *See* 20 C.F.R. § 404.1520a(a).  The ALJ rates the degree of functional limitation resulting from the claimant's mental impairment(s) to determine whether the impairment(s) is/are "severe." *See id*. at § 404.1520a(d)(1).

To perform this analysis, the ALJ considers the degree of limitation in four (4) broad functional areas – understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  If the limitation in these domains is no more than "mild," and if the evidence does not otherwise indicate more than a mild limitation in the claimant's activity to perform basic work activities, then the mental impairment(s) will be considered non-severe. *See id.*

In the present case, the ALJ recognized Plaintiff's ADHD, major depressive disorder, generalized anxiety disorder, obsessive compulsive disorder, and PTSD as medically determinable impairments, but concluded that they did not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities and were, thus, non-severe impairments. (T at 19).

As to the four functional areas, the ALJ assessed mild limitation with respect to Plaintiff's ability to understand, remember, or apply information; mild impairment as to interacting with others; mild limitation in concentrating, persisting, or maintaining pace; and mild impairment in adapting or managing herself. (T at 20).

Plaintiff does not challenge these conclusions but argues that the ALJ erred by failing to explain why the RFC does not incorporate any limitation with respect to her ability to meet the mental demands of basic work activity.

Although the ALJ discussed Plaintiff's mental limitations when determining her RFC (T at 24-25), remand is required because the ALJ did not address Plaintiff's mental limitations with the vocational expert when assessing whether Plaintiff could meet the mental demands of her past relevant work.

At step four of the sequential evaluation, the ALJ concluded that, as of the date last insured, Plaintiff retained the RFC to perform her past relevant work as a teacher aide. (T at 25).  This conclusion was based on interrogatory responses provided by the vocational expert. (T at 25-26).

The vocational expert opined that a claimant with the limitations set forth in the RFC could perform Plaintiff's past relevant work as that

occupation is generally performed in the national economy, albeit not as Plaintiff actually performed it. (T at 358).

Notably, however, the vocational expert was not asked whether a claimant with the limitations set forth in the RFC *and* mild impairment in all four domains of mental functioning could perform the past relevant work.[3]

This was a material omission because Plaintiff's past relevant work as a teacher aide is classified as semi-skilled work. (T at 55).

Courts in this Circuit have consistently recognized that semiskilled work "may be inconsistent with mild limitations in mental functioning." *Lorraine K. v. Kijakazi*, No. 20-CV-1469L, 2022 WL 1115456, at *3 (W.D.N.Y. Apr. 14, 2022)(citations omitted); *see also Novas v. Kijakazi*, No. 22CV1020MKVBCM, 2023 WL 2614362, at *12 (S.D.N.Y. Mar. 8, 2023), *report and recommendation adopted sub nom. Novas v. Comm'r of Soc. Sec.*, No. 22-CV-1020 (MKV), 2023 WL 2613550 (S.D.N.Y. Mar. 23, 2023); *Garcia v. Comm'r of Soc. Sec.*, No. 21-CV-01230 (SDA), 2022 WL 4234555, at *14 (S.D.N.Y. Sept. 14, 2022), *amended in part*, No. 21-CV-01230 (SDA), 2022 WL 17103621 (S.D.N.Y. Nov. 22, 2022).

---

[3] During the administrative hearing, the ALJ asked whether a hypothetical claimant limited to unskilled work, with limitation in her ability to interact with others and adapt to changes, could perform Plaintiff's past relevant work; the vocational expert testified that such a claimant could not perform the work. (T at 57).

As such, "when posing hypotheticals to the VE, the ALJ should inquire about even 'mild' limitations on mental functioning …." *Novas*, 2023 WL 2614362, at \*12; *see also Rousey v. Comm'r of Soc. Sec.*, 285 F. Supp. 3d 723, 742 (S.D.N.Y. 2018)(ALJ erred by failing to ask VE to "assume non-severe mental impairments including mild limitations in concentration, persistence or pace," because plaintiff's "non-severe anxiety and memory impairments may have affected the vocational expert's conclusion that [she] could do her past skilled and semi-skilled sedentary work"); *Coulter v. Comm'r of Soc. Sec.*, 673 F. Supp. 3d 365, 375-80 (S.D.N.Y. 2023)(collecting cases)

"Remand for an adequate consideration of non-severe mental impairments is especially appropriate where the ALJ has found that Plaintiff could perform semi-skilled or skilled work." *Ayaz M. v. Kijakazi*, No. 3:22-CV-1603 (KAD), 2024 WL 449575, at \*3 (D. Conn. Feb. 5, 2024); *see also Lewis v. Berryhill*, No. 3:18-CV-00209 (JAM), 2018 WL 6040264, at \*3 (D. Conn. Nov. 19, 2018).

For the foregoing reasons, the Court finds a remand for adequate consideration of the impact of Plaintiff's non-severe mental impairments on her ability to perform her past relevant work is required.

B.    RFC

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville*, 198 F.3d at 52 (quoting SSR 96-8p).

When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

As noted above, the ALJ determined that, as of the date last insured, Plaintiff retained the RFC to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she could never climb ladders, ropes, or scaffolds; could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; could occasionally reach overhead with the right upper extremity; and must avoid hazards such as moving machinery. (T at 22).

Plaintiff argues that the ALJ erred by failing to explain why the RFC determination does not include (a) a limitation with respect to overhead reaching *bilaterally* and/or (b) any restriction in her ability to manipulate objects with her bilateral upper extremities.

The Court finds that this aspect of the ALJ's decision must also be revisited on remand.

In October of 2021, Dr. J. Sharif-Najafi, a non-examining State Agency review physician, opined, *inter alia*, that Plaintiff was limited to occasional overhead reaching *bilaterally*. (T at 67).

In September of 2021, Dr. Michael Healy performed a consultative examination.  Dr. Healy assessed mild to moderate limitation with respect to Plaintiff's ability to reach, grasp, and hold objects with either upper extremity. (T at 436).

The ALJ found the opinions of Dr. Sharif-Najafi and Dr. Healy "generally persuasive." (T at 24).

However, the RFC developed by the ALJ does not include any limitation with respect to Plaintiff's ability to reach overhead with her left upper extremity and does not incorporate any limitation in her ability to manipulate objects. (T at 22).

13

Accordingly, the Court concludes that the ALJ erred by failing to provide a sufficient explanation as to how she resolved the conflicts between the RFC determination and the assessments of two physicians that she found "generally persuasive."

"[T]he crucial factors in any determination must be set forth with sufficient specificity to enable [the reviewing court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).  Remand is required where the ALJ failed to provide an "adequate 'roadmap' for his reasoning." *Almodovar v. Berryhill*, No. 17-CV-8902 (BCM), 2019 U.S. Dist. LEXIS 48612, at *18 (S.D.N.Y. Mar. 22, 2019).

Here, although the ALJ referenced Plaintiff's history of right shoulder surgery in a summary of her medical history (T at 23), the ALJ provided no explanation as to why she found Plaintiff restricted to occasional overhead with her right upper extremity, but (apparently) concluded that she had no limitation as to overhead reaching with her left upper extremity, even though both Dr. Healy and Dr. Sharif-Najafi assessed limitation with respect to overhead reaching *bilaterally*.

The Commissioner points to the opinion of Dr. R. Mohanty, another non-examining State Agency review physician, who did not assess any limitation with respect to overhead reaching. (T at 85-92).

However, the ALJ gave Dr. Mohanty's opinion the same "generally persuasive" designation assigned to the assessments of Dr. Healy and Dr. Sharif-Najafi. (T at 24).

Moreover, other than a conclusory reference to Plaintiff's "conservative" treatment history and "generally normal findings," the ALJ did not explain how she reconciled the competing medical opinions and concluded that no medical professional appears to have reached, *i.e.,* that Plaintiff was limited to occasional overhead reaching with her right upper extremity but could perform unlimited overhead reaching with her left.

The ALJ also failed to adequately explain the absence of manipulative limitations in the RFC determination. As noted above, Dr. Healy opined that Plaintiff had mild to moderate limitation in her ability to grasp and hold objects. (T at 436).  Both Dr. Sharif-Najafi and Dr. Mohanty assessed no limitations as to handling or holding. (T at 67, 87).

It is possible the ALJ found the State Agency review physicians' assessments more persuasive as to this issue, but the ALJ described all three opinions as "generally persuasive" and did not provide a sufficient

explanation as to how she reconciled their conflicting conclusions regarding whether and to what extent Plaintiff's ability to manipulate objects was limited.

This is a material omission because (a) Dr. Healy examined Plaintiff, while the State Agency review physicians did not; (b) Plaintiff reported that she had difficulty holding items without dropping them and problems with grabbing objects due to weakness, stiffness, and tremors in her hands (T at 22, 278-79, 283, 482); and (c) the description of Plaintiff's past relevant work as a teacher aide shows that the job duties include distributing teaching materials to students, operating learning aides (e.g., film and slide projectors), typing instructional materials, and reproducing materials using duplicative equipment, all of which involve grasping and holding objects. *See* DOT 249.367-074.[4]

Although a court may sometimes overlook the lack of a robust explanation if it is possible to "glean the rationale of the ALJ's decision," *Cichocki v. Astrue*, 534 Fed. Appx. 71, 76 (2d Cir. 2013), this should be done sparingly and only where the "the record contains robust support for

---

[4] The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles* ("DOT"), which is published by the Department of Labor and provides detailed descriptions of the requirements for a variety of jobs. *See* 20 CFR § 416.966 (d)(1).

the finding that [the claimant} is not disabled" and it is clear the ALJ

considered all the relevant evidence. *Barrere v. Saul*, 857 F. Appx. 22, 24

(2d Cir. 2021).  That is not the case here.

A remand is required for proper consideration of Plaintiff's ability to

reach overhead bilaterally, as well as her ability to grasp and hold objects.

C.    *Remand*

"Sentence four of Section 405 (g) provides district courts with the

authority to affirm, reverse, or modify a decision of the Commissioner 'with

or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d

377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).

Remand for further administrative proceedings is the appropriate

remedy "[w]here there are gaps in the administrative record or the ALJ has

applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83

(2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014

U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

For the reasons discussed above, the Court finds a remand for

further administrative proceedings to be the appropriate remedy.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff is GRANTED Judgment on the Pleadings, and this matter is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of Plaintiff and then close the file.


Dated: August 30, 2024                                   *s / Gary R. Jones*

                                                         GARY R. JONES
                                                         United States Magistrate Judge